**LOCKRIDGE, Angela, appellant,**

v.

**STATE of Indiana, appellee.**

**No. 49A02–0303–CR–191.**

Supreme Court of Indiana.

June 9, 2004.

---

---

## PUBLISHED ORDER DENYING TRANSFER OF JURISDICTION

The Court of Appeals affirmed appellant's convictions in *Lockridge v. State,* 806 N.E.2d 378 (Ind.Ct.App. 2004) (unpublished memorandum decision).

The matter is now before this Court on appellant's petition to transfer jurisdiction. *See* Ind. Appellate Rule 57. The Court has reviewed the decision of the Court of Appeals. Any record on appeal that was submitted has been made available to the Court for review, along with any and all briefs that may have been filed in the Court of Appeals and all the materials filed in connection with the request to transfer jurisdiction. Each participating member of the Court has voted on the petition. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices.

■ Indiana Appellate Rule 57(G) provides in relevant part: "The Petition to Transfer shall concisely set forth: .... (4) *Argument.* An argument section explaining the reasons why transfer should be granted." In this case, appellant's argument consisted of the following: "Ms. Lockridge relies on the issues as presented in his [sic] original brief in support of her Appeal." In a Petition to Transfer, mere reference to argument and/or authorities presented in brief to C/A, without an explanation of the reasons why transfer should be granted, does not satisfy Rule 57(G).

■ At the same time, Appellate Rule 57(G)(4) should not be read to require a party to repeat all of the arguments made in the brief to the Court of Appeals. A Petition to Transfer constitutes a request to our court to review a decision of the Court of Appeals in its entirety; the request is that the entire appeal be transferred to our court and be before us as though it had not been reviewed by the Court of Appeals. *See* App. R. 58(A) ("Upon a grant of transfer, the Supreme Court shall have jurisdiction over the appeal and all issues as if originally filed in the Supreme Court.") Given this system, the "argument" contained in a brief in support of a petition to transfer should primarily be an argument as to why the Supreme Court should grant transfer and, in a brief in opposition, as to why the Court should not. (Principal considerations governing the Supreme Court's decision whether to grant transfer are set forth in App. R. 57(H).) It is appropriate in a transfer brief to cross-reference the analysis of the merits of the underlying legal argument contained in the brief to the Court of Appeals. The Court observes, however, that the most helpful transfer briefs combine argument as to why the court should (or should not) grant transfer and argument on the merits.

Being duly advised, the Court now denies appellant's petition to transfer jurisdiction.

The Clerk is directed to send a copy of this order to the Public Defender of Indiana; to the Indiana Public Defender Council; to the Appellate Practice Section of the Indiana State Bar Association; to the Attorney General of Indiana; to the Marion County Public Defender Agency; to counsel of record; and to West Publishing for publication in the bound volumes of this Court's decisions.

All Justices concur.